IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02098-BNB

ERIC HOUSTON,

Plaintiff,

v.

WARDEN CHARLES DANI[E]LS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

This matter is before the Court on the unintelligible motion for a preliminary injunction and temporary restraining order that Plaintiff, Eric Houston, filed *pro se* with the Court on September 10, 2010. Mr. Houston is a prisoner in the custody of the United States Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Florence, Colorado.

The Court must construe the motion liberally because Mr. Houston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly,

a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Because Mr. Houston's motion is unintelligible, he fails to allege specific facts that demonstrate he is facing immediate and irreparable injury or that he has a substantial likelihood of prevailing on the merits; will suffer irreparable injury if no preliminary injunction is issued; his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party; or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction and temporary restraining order will be denied. Accordingly, it is

ORDERED that the motion for a preliminary injunction and temporary restraining order (docket no. 12) that Plaintiff, Eric Houston, filed *pro se* with the Court on September 10, 2010, is denied. It is

FURTHER ORDERED that the motions for appointment of counsel that Mr. Houston filed on August 30, 2010 (docket no. 1, document no. 4), and September 10, 2010 (docket no. 12), are denied as premature.

DATED at Denver, Colorado, this  17th  day of   September  , 2010.

BY THE COURT:

Christine M Arguello

_____
CHRISTINE A. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK,
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02098-BNB

Eric Houston
Reg. No. 16891-074
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/20/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk