IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02098-BNB

ERIC HOUSTON,
    Plaintiff,

v.

WARDEN CHARLES DANI[E]LS,
LT. BORJA,
LT. MOSELY,
CAPTAIN W. HUTCHINGS,
LT. J. MCCULLOCH,
A. W. BLOODWORTH,
JUSTIN COWLEY, Officer,
SIA BROWN,
J. DAVIS, Officer,
SIA VANEK,
J. MUNOZ, Officer,
N. MASSON, Officer,
E. CASTRO HESS, Officer,
M. SCOTT, Officer,
J. ERPS, Officer,
A. MCCALLSTER, Officer,
E. VIGIL, Officer,
BRENDA OLMSTEAD, Counselor,
A. CHEZCH, Counselor,
CASTRO HESS, Case Manager,
SIS PEMENTEL,
PA BRAD CINK,
DR. DAVID ALLRED,
DR. GUPTA,
V. VIGIL, RN, Nurse,
EDITH REICHERT,
LT. LINCOLN, Health Administrator,
LT. M. BANUELOS, Health Administrator,
R. WHEELER, Officer,
MS. KELLE,
MS. KEKER,
MS. COLLINS,
OFFICER ACKERMAN, and
G. JUARROS,
    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Eric Houston, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He initiated this action in the United States District Court for the District of Columbia (District of Columbia) by filing a complaint, a civil cover sheet, an application to proceed without payment of fees and affidavit, and a motion for appointment of counsel. On August 16, 2010, the District of Columbia transferred the action to this Court.

The Court reviewed the documents and determined they were deficient. Therefore, in an order filed on September 2, 2010, Magistrate Judge Boyd N. Boland directed Plaintiff to cure certain deficiencies in the case within thirty days if he wished to pursue his claims. The September 2 order pointed out that Mr. Houston must submit on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. In addition, Mr. Houston was directed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

2

to 28 U.S.C. § 1915 also noted this requirement. The September 2 order warned Mr. Houston that, if he failed to cure the designated deficiencies within the time allowed, the complaint and the action would be dismissed without prejudice and without further notice.

On September 10, 2010, Mr. Houston filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with certified copy of his trust fund account statement and another motion for the appointment of counsel. He also submitted an unintelligible motion for a preliminary injunction and temporary restraining order. On September 22, 2010, the motions for injunctive relief and for appointment of counsel were denied. On September 24, 2010, Mr. Houston filed a motion to reconsider the September 22 order. On October 25, 2010, the motion for reconsideration was denied. On October 29, 2010, despite the fact that he had failed to submit an amended complaint on the proper form, Mr. Houston was granted leave to proceed pursuant to § 1915, and ordered to pay a $6.00 initial partial filing fee or to show cause why he had no assets and no means by which to pay the designated initial partial filing fee.

Mr. Houston has failed, within the time allowed, to pay the $6.00 initial partial filing fee or to show cause as directed in the October 29 order why he is unable to do so. Therefore, the complaint and the action will be dismissed.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of the Plaintiff, Eric Houston, within the time allowed, to pay the initial partial filing fee of $6.00

or to show cause as directed why he has no assets and no means by which to pay the designated initial partial filing fee.

DATED at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02098-BNB

Eric Houston
Reg. No. 16891-074
USP - Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/9/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk